SUMMARY ORDER

Petitioners Dicenor Joseph and Marie Ania Joseph, natives and citizens of Haiti, seek review of the February 28, 2008 order of the BIA affirming the April 10, 2006 decision of Immigration Judge (“IJ”) Noel Ann Brennan, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Dicenor Joseph, Marie Ania Joseph, Nos. A98 379 373/377 (B.I.A. Feb. 28, 2008), aff'g Nos. A98 379 373/377 (Immig. Ct. N.Y. City Apr. 10, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the ease.
Where, as here, the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Dong Gao v. BIA 482 F.3d 122, 126 (2d Cir.2007). “We review de novo questions of law and the application of law to undisputed fact.” Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, because the Josephs failed to challenge before this Court the agency’s denial of them CAT claim, we deem any such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
Regarding the Josephs’ asylum and withholding of removal claims, we find that substantial evidence supports the agency’s adverse credibility determination. The Josephs did not challenge the agency’s findings regarding them demeanor while testifying. Accordingly, they have waived any challenge to those findings, which stand as proper bases for the agency’s credibility determination. Moreover, the multiple specific examples of material discrepancies between Dicenor’s and Marie’s testimony pi’ovided further support for that determination. See Zhou Yun Zhang v. INS, 386 F.3d 66, 74 (2d Cir.2004), overruled in part on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007). For example, Dicenor initially *738 testified that three people lived in his uncle’s house, but later testified that four people lived there. For her part, Marie testified that she and Dicenor lived with their unmarried uncle and “more than six” of her uncle’s different female friends. Similarly, while Dicenor testified that the only reason he and Marie went to live with his uncle was because “[their uncle] wanted to help [them] get an education,” Marie testified that she and Dicenor went to live with their uncle to help him after he lost his arm. In addition, Dicenor testified in detail about going to school while living with his uncle; however, Marie testified that Dicenor stopped attending school before they lived with their uncle so that he could work. Even if, individually, these discrepancies were ancillary to the central aspects of the Josephs’ claim, together they provided substantial evidence for the Id’s determination that their story was not credible. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted) (“[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder.”) (internal citations and quotations omitted).
There were additional inconsistencies that went to the heart of the Josephs’ claim. Indeed, while Dicenor testified that his uncle departed in the middle of the night on March 4, 2004, while he and Marie slept and that they did not know their uncle was missing until they were awoken that same night by the Chimere, Marie testified that she last saw her uncle the morning of February 28, 2004, not the night of March 4, 2004, and that the Chimere did not come until two weeks after their uncle disappeared. Although counsel for the Josephs offered explanations for these inconsistencies, no reasonable adjudicator would have been compelled to accept them. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Accordingly, as the Josephs’ asylum and withholding of removal claims were entirely dependent on the allegations the IJ found not credible, the IJ properly denied both claims. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006). We need not address the agency’s alternate finding that, even if credible, the Josephs did not meet their burden of proof for asylum or withholding of removal.
For the foregoing reasons, the petition for review is DENIED.